# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BECKY BARRICK, | No. 4:18-CV-0362 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WEIS MARKETS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 13, 2018

## I.    BACKGROUND

On February 13, 2018, Plaintiff, Becky Barrick, hereinafter "Ms. Barrick," filed a one-count complaint alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendant, Weis Markets, Inc., hereinafter "Weis Markets."[1] On April 13, 2018, Defendant filed its first motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The bases for the motion were two-fold. The Defendant argued that substantively Ms. Barrick had failed to state a claim and further argued that she had failed to exhaust her administrative remedies.

Plaintiff then filed an amended complaint, purportedly to cure the deficiencies identified in the first motion to dismiss.[2] The amended complaint

---

1   ECF No. 1.

2   ECF No. 10.

failed to cure the deficiencies and Weis Markets filed a renewed motion to dismiss on the same two bases.[3] This second motion to dismiss is the subject of the instant Memorandum Opinion. The matter has now been fully briefed and is ripe for consideration and disposition.

## II. DISCUSSION

### A. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[4] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[5] the Court does not, however, assume the truth of any of the complaint's legal conclusions.[6] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the Defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[7]

Additionally, as is relevant here, a plaintiff in an employment discrimination case does not need to establish a prima facie case in her complaint. The United States Court of Appeals for the Third Circuit clarified this point recently, stating "a

---

[3] ECF No. 12.

[4] Federal Rule of Civil Procedure 12(b)(6).

[5] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[7] *Id.*

complaint need not establish a prima facie case in order to survive a motion to dismiss."[8]

### B. Facts Alleged in the Amended Complaint

The facts alleged in the amended complaint, which I must accept as true for the purposes of this motion, are as follows.

<u>The substantive allegations</u>

"In or around July of 2012, Ms. Barrick was hired by Defendant as a Pharmacist; she was thereafter promoted to Pharmacy Supervisor, which position she held at all times material to this complaint."[9] "Upon information and belief, Defendant employed five (5) pharmacy supervisors (including Ms. Barrick) during Ms. Barrick's employment. Three (3) of those pharmacy supervisors were male."[10] "Throughout Ms. Barrick's tenure of employment, she performed her job to Defendant's satisfaction, which was reflected in her regular employee evaluations."[11] "On or about January 1, 2016, Defendant hired a new Director of Pharmacy Operations, Crystal Osunde."[12] "Early on, Ms. Osunde held Ms. Barrick to different standards than the male pharmacy supervisors and targeted Ms. Barrick

---

[8] *Connelly,* 809 F.3d at 788.

[9] Amended Complaint, ECF No. 10 at ¶ 15.

[10] *Id.* at ¶ 16.

[11] *Id.* at ¶ 17.

[12] *Id.* at ¶ 18.

on account of her sex."[13]  "At Ms. Barrick's mid-year evaluation, Ms. Osunde identified Ms. Barrick and another pharmacy supervisor, John Chakan, as underperformers."[14]  "As a result of this evaluation, Ms. Barrick was placed on a corrective action plan (CAP)."[15]  "Mr. Chakan was not placed on a CAP."[16] "While on the CAP, Ms. Osunde regularly threatened to fire Ms. Barrick and frequently told her that her termination was simply a matter of time, whereas Ms. Osunde did not similarly threaten Mr. Chaken's employment."[17]  "Believing that Ms. Osunde would carry out her threats and unable to continue working in that environment, Ms. Barrick left her employment on or about January 31, 2017."[18]

The allegations as to exhaustion

On July 25, 2017, Ms. Barrick filed a complaint with the Equal Employment Opportunity Commission hereinafter "EEOC."[19]  A representative from the EEOC contacted Ms. Barrick's attorney via e-mail to advise that an "executed Charge Form 5"[20] was needed.[21]  On October 11, 2017, counsel provided the representative

---

[13]  *Id.* at ¶ 19.

[14]  *Id.* at ¶ 20.

[15]  *Id.* at ¶ 21.

[16]  *Id.* at ¶ 22.

[17]  *Id.* at ¶ 23.

[18]  *Id.* at ¶ 24.

[19]  *Id.* at ¶ 7.

[20]  Charge Form 5 is the operative document at issue here.  It is the document that puts both the EEOC and the employer on notice that the employee is filing a charge of discrimination.  It is the document that must be 'verified,' defined herein, typically by the employees signature.

with "an executed signature page, explaining that, because of printing issues, Ms. Barrick's Charge Form 5 had been cut in two pages, leaving the signature section on a separate page."[22] The representative responded to counsel's email with the following, "I need a copy of the entire charge please, not just the signature page."[23] "Undersigned counsel responded to [the representative's email], with a copy of the original Charge Form 5, asking 'Any chance this [the original Charge Form 5], in combination with the signature page, would work?'"[24] The representative responded by email that "the documents provided would suffice as a properly executed and filed Charge Form 5."[25] The EEOC issued Ms. Barrick a Right to Sue Letter on November 15, 2017.[26]

The exhibits attached to the amended complaint

The exhibits attached to the amended complaint are curious. I have attached them in their entirety, in the same order as Plaintiff. Plaintiff filed two separate pages of two EEOC Form 5 forms, both partially incomplete. First, counsel attached the signature of an EEOC Form 5, with nothing else, just the portion of

---

[21] Amended Complaint, ECF No. 10 at ¶ 8.
[22] *Id.* at ¶ 9.
[23] *Id.* at ¶ 10.
[24] *Id.* at ¶ 11.
[25] *Id.* at ¶ 12.
[26] *Id.* at ¶ 13.

the page with a signature. Next, counsel attached the first page of EEOC Form 5, with no signature. From counsel's attachments, it is clear that there is no single verified EEOC Form 5 as requested by the EEOC representative and as required by EEOC regulations. What Plaintiff has attached are two, partially completed EEOC Form 5s.



---

27 ECF No. 10-1 at 1.

| EEOC Form 5 (5/01) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | Charge Presented to:<br>___ FEPA<br>_X_ EEOC | Agency(ies) Charge No(s): |

Pennsylvania Human Resources Commission  and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>Ms. Becky Barrick | Home Phone (Incl. Area Code)<br>717-422-2646 | Date of Birth<br>1985 |
|---|---|---|
| Street Address<br>21 W. Big Spring Avenue, Newville, PA 17241 | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Weis Markets, Inc. | No. Employees, Members<br>>15 | Phone No. (Include Area Code) |
|---|---|---|
| Street Address<br>1000 S. 2nd Street, Sunbury, PA 17801 | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

___ RACE  ___ COLOR  _X_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN

___ RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/1/2016   Latest: 1/31/2017

___ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s))*:
Ms. Barrick was employed as a Pharmacy Supervisor. On or about Jan. 1, 2016, her new supervisor was hired. The new supervisor immediately began discriminating against Ms. Barrick account of her sex; specifically, the supervisor put Ms. Barrick on a corrective action plan ("CAP") and frequently & regularly told Ms. Barrick that she would be fired. However, at least one of Ms. Barrick's other male counterparts, John, was also placed on a CAP, but did not face the regular threats and harassment made by the supervisor. Ms. Barrick sought other employment and left Weis Markets, Inc., when it became clear that she would not be able to continue working there due to the above discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| _____   _____<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

---

[28] ECF No. 10-2 at 1.

C.  Analysis

The Equal Opportunity Employment Commission is the administrative body which has been "empowered" by Congress to, inter alia, investigate a charge of discrimination filed by an aggrieved employee who has alleged discrimination under the Americans with Disabilities Act.[29] This statutory provision also requires that a charge "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."[30]

The statutory "oath or affirmation" requirement is colloquially referred to as "verification," as this is the term used by the EEOC in its administrative regulations. Specifically, the regulations require that a charge of discrimination "be in writing and shall be verified," with "verified" defined as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."[31]

Here, the email chain between Plaintiff's counsel and the representative from the EEOC belies the contentions of Plaintiff in her amended complaint. Plaintiff asserts that she properly filed a verified charge with the EEOC and was

---

[29] 42 U.S.C. §2000e-5.

[30] 42 U.S.C. §2000e-5(b).

[31] 29 C.F.R. §§ 1601.9, 1601.3(a).

duly provided with a Right to Sue Letter, which implies that the EEOC conducted an investigation and that Weis Markets had the ability to defend before the EEOC. The email chain shows that this is not the case. Defendant attached the full email chain, and other documents, to its motion to dismiss, as it had filed a Freedom of Information Act request with the EEOC.

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."[32] Typically, to consider materials outside the complaint, it must be converted to a motion for summary judgment.[33] However, "[c]onsideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion."[34] It is permissible to consider full text of documents partially quoted in complaint.[35] It is also permissible to consider documents relied upon by plaintiff in drafting the complaint and integral to the complaint.[36] "However, before materials outside the record may become the basis for a dismissal, several conditions must be met."[37] "For example, even if a document is "integral" to the complaint, it must be clear on the record that no

---

[32] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[33] *See id.* and Fed. R. Civ. P. 12(d).

[34] *Faulkner,* 463 F.3d at 134.

[35] *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808–09 (2d Cir.1996).

[36] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991).

[37] *Faulkner*, 463 F.3d at 134.

dispute exists regarding the authenticity or accuracy of the document."[38] It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.[39] In this matter, I find that these conditions have been met, and will consequently consider Defendant's attachments. They read, as follows:

> **From:** ELIZABETH WJASOW [mailto:ELIZABETH.WJASOW@EEOC.GOV]
> **Sent:** Tuesday, October 10, 2017 2:12 PM
> **To:** smahan@mwcfirm.com
> **Subject:** EEOC Charge filed by your client Becky Barrick
>
> Dear Mr. Mahan,
>
> I have been assigned to complete the intake process for this charge, which has been docketed as of July 27, 2017 as EEOC Charge Number 530-2017-03444. Your cover letter dated July 25, 2017 states that a charge of discrimination form is enclosed, but no such document was in the physical file I received. Please forward a charge form signed by your client as soon as possible.
>
> Please note that if you fail to return the signed EEOC charge form to this office within fifteen (15) days of the date of this e-mail or to contact me within that same 15-day period since there is need for further clarification, this office is authorized to dismiss this charge as no cause without conducting any investigation or other charge processing. In that event, we will instead issue to you and the Respondent a Dismissal and Notice of Rights, allowing you to file a private lawsuit in federal court if you wish to pursue this matter further.
>
> Sincerely,
> (Miss) Elizabeth Wjasow ("Jāy-sō")
> Senior Equal Opportunity Investigator
> U.S. Equal Employment Opportunity Commission
> Philadelphia District Office [40]

---

[38] *Id, See also e.g., Kaempe v. Myers*, 367 F.3d 958, 965 (D.C.Cir.2004); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001).

[39] *Faulkner*, 463 F.3d at 134.

[40] ECF No. 12-3 at 41.

**From:** Steve Mahan [mailto:smahan@mwcfirm.com]
**Sent:** Wednesday, October 11, 2017 4:14 PM
**To:** ELIZABETH WJASOW <ELIZABETH.WJASOW@EEOC.GOV>
**Subject:** RE: EEOC Charge filed by your client Becky Barrick

Elizabeth:

I've attached a signature page from the charge form. By way of explanation, my client evidently had some trouble printing the document, and thus the odd result that you see. I'm currently trying to reach out to her to arrange a cleaner copy. If you've any questions, feel free to contact me at the number below.

Best regards,

Steve T. Mahan [41]

---

**From:** ELIZABETH WJASOW [mailto:ELIZABETH.WJASOW@EEOC.GOV]
**Sent:** Wednesday, October 11, 2017 4:17 PM
**To:** Steve Mahan
**Subject:** RE: EEOC Charge filed by your client Becky Barrick

Steve,

I need a copy of the entire charge please, not just the signature page.

Thanks, Elizabeth [42]

---

**From:** Steve Mahan [mailto:smahan@mwcfirm.com]
**Sent:** Wednesday, October 11, 2017 4:26 PM
**To:** ELIZABETH WJASOW <ELIZABETH.WJASOW@EEOC.GOV>
**Subject:** RE: EEOC Charge filed by your client Becky Barrick

Any chance this, in combination with the signature page, would work?

Steve T. Mahan [43]

---

[41] *Id.*

[42] *Id.* at 40-1.

[43] *Id.* at 41.

From: ELIZABETH WJASOW [mailto:ELIZABETH.WJASOW@EEOC.GOV]
Sent: Wednesday, October 11, 2017 4:34 PM
To: Steve Mahan
Subject: RE: EEOC Charge filed by your client Becky Barrick

Steve,

Yes it would. Thank you.

Elizabeth [44]

From: Steve Mahan [mailto:smahan@mwcfirm.com]
Sent: Wednesday, October 11, 2017 4:43 PM
To: ELIZABETH WJASOW <ELIZABETH.WJASOW@EEOC.GOV>
Subject: RE: EEOC Charge filed by your client Becky Barrick

Great, thanks.

Steve T. Mahan [45]

From: ELIZABETH WJASOW
Sent: Wednesday, October 11, 2017 4:48 PM
To: 'Steve Mahan'
Subject: RE: EEOC Charge filed by your client Becky Barrick

Please call me. [46]

---

[44] *Id.*

[45] *Id.*

[46] *Id.*

From: ELIZABETH WJASOW
Sent: Wednesday, October 11, 2017 5:10 PM
To: 'Steve Mahan' <smahan@mwcfirm.com>
Subject: RE: EEOC Charge filed by your client Becky Barrick

Steve,

Per our phone conversation just now, attached are the documents that we discussed:
1. A blank charge form;
2. A document explaining the preferred format of charges;
3. A copy of the dual filing form used for charges filed against Respondents in PA;
4. A blank Intake Questionnaire; and
5. A document explaining the kinds of information we are seeking & how to ideally phrase answers – this may also help with drafting charges.

One thing I forgot to mention – we occasionally hold an "Attorney Workshop" for Charging Party attorneys to give a more detailed explanation of the laws we enforce, the forms we use, etc. They are normally held from 9:00-12:00 but there are usually so many questions brought up that it goes beyond 12:00. To find out when the next one is & to reserve a spot, please contact Intake Supervisor Damon A. Johnson, who can be reached at Damon.Johnson@eeoc.gov.

Please be advised that, if I do not receive an updated charge form to attach to the already submitted signature page within the next thirty-three (33) days of the date of this e-mail or to contact me within that same 33-day period since there is need for further clarification, this office is authorized to dismiss this charge as no cause without conducting any investigation or other charge processing. In that event, we will instead issue to you and the Respondent a Dismissal and Notice of Rights, allowing you to file a private lawsuit in federal court if you wish to pursue this matter further.

If you have any questions, please let me know.

Elizabeth

---

[47] *Id.* at 15.

From: ELIZABETH WJASOW [mailto:ELIZABETH.WJASOW@EEOC.GOV]
Sent: Monday, November 13, 2017 4:09 PM
To: Steve Mahan
Subject: RE: EEOC Charge filed by your client Becky Barrick

Steve,

According to my records, a revised charge is due today. I would appreciate your letting me know if one has been submitted and I personally have just not received it yet, whether you are working on it and need a little more time, or do not plan on submitting a revised charge in this matter. If a revised charge is not submitted, this charge will be dismissed immediately for the reasons we discussed in our phone call of October 11, 2017.

If you have any questions, please let me know.

Thanks, Elizabeth [48]

From: Steve Mahan [mailto:smahan@mwcfirm.com]
Sent: Monday, November 13, 2017 4:43 PM
To: ELIZABETH WJASOW <ELIZABETH.WJASOW@EEOC.GOV>
Subject: RE: EEOC Charge filed by your client Becky Barrick

Elizabeth:

My apologies -- I thought I had already reached out to you. Having reviewed the matter, we have decided not to submit a revised charge and will accept the dismissal and notice of right to sue.

Thank you and best regards,

Steve T. Mahan
717.238.5707 (Phone) [49]

**ELIZABETH WJASOW**

| From: | ELIZABETH WJASOW |
| Sent: | Monday, November 13, 2017 4:46 PM |
| To: | 'Steve Mahan' |
| Subject: | RE: EEOC Charge filed by your client Becky Barrick |

Steve,

Thanks for your prompt response. You & your client will be receiving dismissal paperwork in the mail soon.

Elizabeth [50]

---

[48] *Id.* at 14.

[49] *Id.*

[50] *Id.*

The EEOC file also contains a Dismissal and Notice of Rights Form 161:

**EEOC Form 161 (11/16)**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Becky Barrick
21 West Big Spring Avenue
Newville, PA 17241

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03444 | Legal Unit / Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry
Acting District Director

11/15/17 (Date Mailed)

Enclosures(s)

cc: WEIS MARKETS, INC.

Steve T. Mahan, Esquire (Counsel for Charging Party)

Michael Umstead, Director, Associate Relations (for Respondent)

---

[51] ECF No. 12-3 at 12.

"It is axiomatic that a private litigant who filed a sworn charge and was subsequently issued a right to sue letter can maintain a Title VII lawsuit."[52] "A private litigant who initially filed an unsworn charge but subsequently verified the charge while the EEOC proceedings were pending can also maintain a Title VII lawsuit."[53] It is clear to this Court that Ms. Barrick never filed a verified charge, despite being given the opportunity to do so, resulting in the EEOC's dismissal of the action.

The manner in which courts in this Circuit dispose of unverified claims lies on a continuum. On one end of the spectrum, are cases in which the plaintiff has taken no action to verify his or her claim. One such case is *Danley v. Book-of-The-Month-Club, Inc.*[54] On the other end of the spectrum are cases with extraordinary fact patterns where the facts presented justify permitting the civil action to proceed. One case on that end of the spectrum is *Buck v. The Hampton Township School District.*[55]

In *Danley*, the plaintiff sent correspondence to the EEOC indicating that she sought to file a formal complaint against her employer.[56] Danley submitted no

---

[52] *Bacon v. Allstate Ins. Co.*, No. 93 C 1701, 1995 WL 360736, at *4 (N.D. Ill. June 14, 1995).

[53] *Id.*

[54] 921 F. Supp. 1352 (M.D. Pa. 1996) (Caldwell, J.) (Affirmed without opinion at 107 F.3d 861 (3d Cir. 1997).

[55] 452 F.3d 256, 261 (3d Cir. 2006).

[56] *Danley,* 921 F. Supp at 1353.

further documentation to the EEOC, and no action was taken by the EEOC until it issued its standard right to sue letter.[57] The Honorable William W. Caldwell, of this Court, held, as a matter of first impression in this Circuit, that "a private litigant cannot maintain a Title VII claim where his or her EEOC charge was not verified prior to the EEOC's issuance of a right to sue letter."[58] Judge Caldwell based this conclusion on two factors. First, it comports with the plain language of the statute.[59] Second, the purpose of verification is to protect the employer from responding to frivolous charges, a protection that is lost upon issuance of the right to sue letter.[60]

In *Buck*, the United States Court of Appeals for the Third Circuit stated that equitable considerations apply to excuse an unverified EEOC charge "only in the most unusual cases."[61] The Third Circuit explicitly stated that "we expect that the cases in which [Buck] applies to be few and far between."[62]

---

[57] *Id*.

[58] *Id*.

[59] *Id*. at 1354.

[60] *Id, see also Vason v. City of Montgomery*, 240 F.3d 905, 907 (11th Cir. 2001) (holding that even where plaintiff requested the immediate issuance of a right to sue letter, regardless, the statute mandates that charges be made under oath or affirmation and because it is undisputed that Appellant's charge was not under oath or affirmation, and that plaintiff never attempted to amend it to correct this error, the matter must be dismissed).

[61] *Buck, 452 F.3d* at 265.

[62] *Id*.

Buck filed her Intake Questionnaire with the EEOC.[63] The EEOC asked her to attend a meeting with it, but instead of attending the meeting, Buck's attorney filed a detailed, eight-page charge of discrimination.[64] The EEOC notified Buck's employer of the Notice of Charge of Discrimination and enclosed a copy of her eight-page letter.[65] Not only was the employer notified of the charge of discrimination, but it defended the charge.[66]

The Third Circuit explained that although Buck did not comply with the technical verification requirements, equitable considerations demand that a complainant should not inadvertently forfeit his or her rights.[67] "[T]he statutory verification requirement 'has the object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury.'"[68]

Ms. Barrick's situation is simply not comparable to the extraordinary circumstances and corresponding outcome of *Buck*. Despite the EEOC providing Ms. Barrick with multiple opportunities to cure the deficiencies in the unverified EEOC Charge Form 5, she failed to comply with either the letter or spirit of the

---

[63] *Id*. at 259.

[64] *Id*.

[65] *Id*.

[66] *Id*.

[67] *Id*. at 264.

[68] *Id. citing Edelman v. Lynchburg Coll*., 535 U.S. 106, 113, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002).

law, and failed to exhaust her administrative remedies. Accordingly, Weis Market's motion to dismiss for a failure to exhaust administrative remedies must be granted.

Finally, it is important to note that dismissal is appropriate here, rather than providing leave for Plaintiff to again amend her complaint, because "[w]hen the EEOC has issued its right to sue letter and closed its file, it is not possible for a plaintiff to verify a previously unsworn charge."[69]

> EEOC regulations require complainants to verify their administrative allegations, meaning that they are "sworn to or affirmed" before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.3(a), 1601.9. Administrative regulations, however, also allow for amended verification: if an initial EEOC filing is unverified, a complainant can later swear an oath that "relates back" to confirm the allegations in the initial filing. 29 C.F.R. § 1601.12(b). No statutory provision or EEOC regulation sets a deadline for filing an amended charge containing a verification. However, issuance of a right-to-sue letter normally terminates the processing of an administrative charge. See 29 C.F.R. §§ 1601.28(a)(3), 1601.12(b); see also EEOC Right to Sue Letter ("The Commission's processing of this charge has been concluded.").[70]

Because it is not possible for Ms. Barrick to now amend her claim to verify it, which renders amending the complaint futile, the matter has been procedurally defaulted and dismissal is required. Although there is a "liberal pleading

---

[69] *Danley*, 921 F.Supp. at 1354.

[70] *Maillet v. TD Bank U.S. Holding Co.*, 981 F. Supp. 2d 97, 99 (D. Mass. 2013).

philosophy of the federal rules" a court may dismiss an amended complaint in its entirety with prejudice because another opportunity for amendment would be futile.[71]  "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[72]

### III.   CONCLUSION

Defendant's Motion to Dismiss pursuant to Rule 12(b )(6) is granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[71]  *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).
[72]  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).